
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR JULIUS GRANT, Jr., | No. 14-16273 |
| Plaintiff - Appellant, | D.C. Nos. 3:09-cv-00901-EMC |
| v. | 3:09-cv-04014-EMC |
| | 3:09-cv-04835-EMC |
| BAY AREA RAPID TRANSIT DISTRICT; JOHANNES MEHSERLE, individually and in his official capacity as a police officer for BART; GARY GEE, in his official capacity as Chief of Police for BART; ANTHONY PIRONE, individually and in his personal capacity as a police officer for BART, | 3:10-cv-00005-EMC |
| | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted May 12, 2016[**]
San Francisco, California

Before: TROTT, IKUTA, and WATFORD, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Oscar Grant, Jr. appeals the district court's order denying his motion to amend his complaint. A jury subsequently returned a verdict against him on his 42 U.S.C. § 1983 claim. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.

This case had been pending for five years when counsel filed his motion to amend. The trial date had been scheduled for almost nine months. The motion came virtually on the eve of the trial. The district court denied counsel's motion, ruling it was "unduly delayed," would "significantly burden the court and prejudice the defendants," and that the "amendment would be futile." The record demonstrates that the court did not abuse its discretion. Among other deficiencies, the claims of the Grant III Estate had already been duly settled for $1.3 million by Wanda Johnson, the decedent's mother and authorized "personal representative," leaving no cause of action for this plaintiff. Simply put, Grant, Jr. lacks standing to bring the state claims in question against the defendants. Miller v. Campbell, 76 Cal. Rptr. 3d 649, 658 n.2 (Cal. Ct. App. 2008). Accordingly, the court correctly denied his motion to continue and to amend. The only possible claim proceeded to trial where he did not prevail. The jury rejected Grant, Jr.'s claim that he had a "familial relationship" with his son. No grounds exist to overturn their verdict.

AFFIRMED.